UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL B.,

                      Plaintiff,

v.                                                      CASE # 21-cv-01002

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | MARY ELLEN GILL, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | JASON P. PECK, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.      **RELEVANT BACKGROUND**

   A.      **Factual Background**

Plaintiff was born on May 3, 1966 and has less than a high school education. (Tr. 207, 214). Generally, at the time of his application, plaintiff's alleged disability consisted of a learning disability and inability to read or write. (Tr. 206). His alleged onset date of disability is December 1, 2003. (Tr. 185). His date last insured, as of the last hearing, is March 31, 2010. (Tr. 1083).

   B.      **Procedural History**

On January 26, 2012, plaintiff protectively applied for a period of Disability Insurance Benefits (SSD) under Title II and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. The claims were denied initially on August 8, 2012. Plaintiff filed a written request for a hearing on August 17, 2012. On August 22, 2013, Administrative Law Judge (ALJ) Eric Glazer held a hearing, at which plaintiff appeared and testified. (Tr. 33-70). The ALJ issued an unfavorable decision on September 25, 2013. (Tr. 15-32). The Appeals Council denied review, (Tr. 1-7), and plaintiff appealed to this Court.

On November 18, 2015, this Court remanded pursuant to a stipulation between the parties. (Tr. 584-85). On July 24, 2017, ALJ William Weir held a second hearing, (Tr. 490-526), and on November 13, 2017, he issued a second unfavorable decision. (Tr. 463-89). That decision was appealed directly to this Court and on October 10, 2019, Richard J. Arcara remanded, finding that ALJ Weir had failed to follow the Appeals Council's follow-up orders in the prior remand, as well as failed to follow the proper analysis for drug abuse and alcoholism pursuant to the regulations. (Tr. 1170-75).

On February 19, 2021, ALJ Weir held a third hearing, and on May 18, 2021, he issued a third unfavorable decision. (Tr. 1079-1105). Plaintiff appeals that decision directly to this Court.

**C.     The ALJ's Decision**

Generally, in his decision, ALJ Weir made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2010.

2. The claimant has not engaged in substantial gainful activity since December 1, 2003, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has a learning disability; degenerative joint disease (right non-dominant shoulder); and polysubstance use disorder each of which constitutes a severe impairment (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he can perform unskilled work. The individual cannot reach above shoulder level with the right, non-dominant hand and arm, but can otherwise reach in all other directions, including above shoulder with the left dominant arm. The individual cannot reach behind the body with the right, non-dominant arm and hand.

6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on May 3, 1966 and was 37 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 1, 2003, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

**II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION**

   **A.     Plaintiff's Arguments**

Plaintiff argues the physical residual functional capacity (RFC) finding was not supported by substantial evidence because the ALJ picked and chose among the medical opinion evidence and used lay judgment. Plaintiff also asserts that the mental RFC is similarly unsupported because it conflicts with the opinion evidence and the ALJ failed to consider the consistency between the mental opinion evidence. (Dkt. No. 7).

   **B.     Defendant's Arguments**

In response, defendant argues the ALJ properly evaluated the opinion evidence in assessing plaintiff's RFC and that substantial evidence supports the ALJ's decision. (Dkt. No. 8).

**III.    RELEVANT LEGAL STANDARD**

   **A.     Standard of Review**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity'

5

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.  ANALYSIS

In his decision, ALJ Weir found plaintiff was capable of performing a range of medium work, as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), except that plaintiff could perform unskilled work, could not reach above shoulder level with the right, non-dominant hand and arm, but can otherwise reach in all other directions, including above shoulder with the left dominant arm, and could not reach behind the body with the right, non-dominant arm and hand. (Tr. 1089). Plaintiff argues the physical RFC is not supported by substantial evidence because the ALJ picked and chose among the medical opinion evidence and used lay judgment to formulate the RFC. (Dkt. No. 7 at 17). Plaintiff also argues the mental RFC is unsupported because it conflicts with all the opinion evidence. (Dkt. No 7 at 20).

### A. Physical RFC

The ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d. Cir. 2013) (summary order) (*citing Richardson v. Perales*, 402 U.S. 389, 399 (1971)). In doing so, the ALJ's conclusion does not need to perfectly correspond with any of the opinions of medical sources cited in his decision. *Id.* However, an "ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Urban v. Berryhill*, No. 16-CV-76-FPG,

6

2017 WL 1289587, at *3 (W.D.N.Y. Apr. 7, 2017) (*quoting Wilson v. Colvin*, 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015)).

Plaintiff generally asserts that the ALJ's opined limitations are not properly supported by medical evidence because the ALJ gave only partial or limited weight to the opinions of record. (Dkt. No. 7 at 18). Specifically, plaintiff argues the ALJ did not properly consider the medical opinion of consultative examiner Dr. Dave because only some weight was accorded to the opinion and limitations. (Dkt. No. 7 at 18). However, it is "within the province of the ALJ" to rely on certain portions of a medical opinion that are supported by substantial evidence and reject portions that are inconsistent or contrary to the record. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d. Cir. 2002).

Here, the ALJ relied on portions of the opinion that were consistent with the record as a whole and adequately explained why he rejected other portions. In particular, the ALJ assigned "some weight to Dr. Dave's opinion in regards to the right upper extremity limitations," but reasonably concluded that "there is little evidence to support additional functional limitations" because "although imaging of the lumbar spine showed degenerative spondylosis, there is no evidence of compression fracture or other objective findings that would support additional limitations." (Tr. 1091). The ALJ also noted that the plaintiff told Dr. Dave he could perform all his activities of daily living as needed and enjoyed television, radio and friends and that the physical examination was largely unremarkable, except for slight limitation in the right shoulder. (Tr. 1091 (*referring to* Tr. 256-59); *see Rusin v. Berryhill*, 726 F. App'x 837, 840 (2d Cir. 2018) (ALJ is allowed to consider activities of daily living when evaluating medical opinion evidence and claimant's testimony in crafting RFC)).

Plaintiff also argues the ALJ erred by accepting Dr. Dave's upper extremity limitations, yet the ALJ only included a limitation on overhead and behind reaching with the right arm. Dr.

7

Dave expressed the opinion that plaintiff was moderately limited for gross motor manipulation as well as moderately to markedly limited in lifting, carrying, pushing, and pulling. (Dkt. No. 7 at 19, *referring to* Tr. 259). As stated above, an ALJ is free to reject portions of medical opinion evidence not supported by, or contrary to, objective evidence while accepting those portions supported by the record. *See Veino*, 312 F.3d at 588. Furthermore, an ALJ is not bound to accept all portions of a consultative examiner's report. *See Barry v. Colvin*, 606 F. App'x 621, 623-624 (2d Cir., 2015).

The ALJ did find greater limitations than plaintiff's brief implies. The RFC stated plaintiff could not reach above shoulder level with the right, non-dominant hand and arm, but can otherwise reach in all other directions, including above shoulder with the left dominant arm and cannot reach behind the body with the right, non-dominant arm and hand. (Tr. 1089). Furthermore, the ALJ considered the opinion of consultative examiner Dr. Liu which stated plaintiff had a mild to moderate limitation for prolonged walking, bending, kneeling, squatting, lifting, carrying, overhead reaching, prolonged sitting, standing, and stair climbing. (Tr. 1486). The ALJ accorded some weight as it pertains to the right upper extremity but explained how plaintiff's reports to other providers and his treatment history were not consistent with the other limitations. (Tr. 1091).

Although plaintiff argues it was error for the ALJ's RFC to not include greater limitations, he does not identify any other findings to support his claims. (Dkt. No. 7 at 20). Regardless, under the substantial evidence standard of review, it is not enough for plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support his position; he must show that no reasonable factfinder could have reached the ALJ's conclusions on this record. *See Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) ("[W]hether there is substantial evidence supporting the appellant's view is not the question here; rather, we must

decide whether substantial evidence supports the ALJ's decision" (citations omitted)). In this case, the ALJ's decision is supported by substantial evidence and is affirmed.

### B. Mental RFC

Next plaintiff argues the mental RFC is unsupported because it conflicts with all the opinion evidence and the ALJ failed to consider the consistency between the mental opinion evidence. (Dkt. No. 7 at 20). In essence, plaintiff argues the ALJ should have found he meets or equals Listing 12.05 because of I.Q. scores in the administrative record. This is similar to arguments made previously before this Court by plaintiff.

In July 2012, an agency consultative psychologist, Dr. Santarpia, administered the Wechsler Adult Intelligence Scale – IV test (WAIS-IV) which showed plaintiff had a Full Scale I.Q. of 65. Dr. Santarpia opined "given an inconsistency amongst the four constituent indexes that make up this Full Scale IQ, the scores should be considered with caution" and he further explained what observations led to his conclusion. (Tr. 254). At the third administrative hearing on February 19, 2021, medical expert Dr. Cohen testified the plaintiff's I.Q. scores did not meet or equal the criteria of Listing 12.05, which are met if the I.Q. score is 70 (or less). (Tr. 1087-89 (Listing criteria), 1112-119, 1396-408 (Dr. Cohen's medical expert resume)). The ALJ engaged in a lengthy and detailed explanation for why Dr. Cohen made this finding and why he chose to rely heavily upon the opinion of the impartial medical expert. (Tr. 1092-93). Plaintiff challenges the ALJ's reliance on Dr. Cohen's opinion because after the hearing an opinion from consultative examiner Dr. Ippolito was received which indicated that on February 25, 2021, a WAIS-IV had been administered with a Full Scale I.Q. of 50. (Tr. 1488-89).

While Dr. Cohen did not have this report at the time of the hearing, ALJ Weir discussed the report and rejected Dr. Ippolito's full-scale IQ score. (Tr. 1094). However, contrary to

9

plaintiff's assertion that the ALJ only gave one reason for rejecting the score, a review of the decision reveals the ALJ devoted approximately 28 sentences analyzing the report and reasons the extremely low I.Q. were inconsistent with the record, including cites to specific reports, records and admissions. (Tr. 1094). The Court will not repeat the litany of examples provided by the ALJ but it is abundantly clear he properly considered all evidence of record when weighing the report and findings.

Plaintiff also argues the very low IQ scores were consistent with an opinion from Licensed Clinical Social Worker (LCSW) Pauley, who opined significant limitations in areas of cognitive functioning including carrying out simple instructions, maintaining concentration, requesting assistance, and being aware of normal hazards and taking precautions. (Tr. 454-55). As an initial matter, as a social worker, LCSW Pauley's opinions were not entitled to controlling weight. 20 C.F.R. § 404.1527(d). All that is required is that the ALJ consider the opinion and, if he decides that the opinion is not entitled to any weight, that he explains his conclusion. SSR 06–03p, 2006 WL 2329939, at *2, *3 (Soc.Sec.Admin. Aug. 9, 2006). Again, the ALJ appropriately considered the opinion and supported his conclusion to accord the opinion little weight.

ALJ Weir noted LCSW Pauley's statement that the plaintiff had a positive result when attending therapy but had stopped therapy over a year prior to her report. (Tr. 1095, *referring to* Tr. 452). While LCSW Pauley opined plaintiff's mood disorder and ADHD would result in plaintiff being off task more than 30% of the work day, the ALJ referenced the checklist-style form and lack of rationale for the extreme conclusions. (Tr.1095). Once more, the ALJ is to reach an RFC finding based on the record as a whole and not only was LCSW Pauley's opinion unsupported by the record, it failed to corroborate the extremely low-functioning I.Q. scores. 20 C.F.R. §§ 404.1527(b), 404.1545(a)(1), 416.927(b), 416.945(a)(1).

As discussed above, the ALJ engaged in a thorough reasoning why the low I.Q. score was not consistent with the record. Examples included plaintiff attending church twice a month and volunteering there, his work full-time from 2000-2002 and throughout other periods in 2013, 2015, and 2016, his ability to shower, bathe and dress himself independently, and association with a biker club. (Tr. 1094). Plaintiff's misrepresentations of his abilities and activities to the examining medical providers coupled with Dr. Cohen's testimony, which noted the same, negates plaintiff's argument that the ALJ improperly or unreasonably relied on Dr. Cohen's testimony over the I.Q. results from Drs. Santarpia and Ippolito.

ALJ Weir correctly considered the opinion evidence and formulated a physical and mental RFC that is based on substantial evidence. While plaintiff has argued his I.Q. score is lower, a score alone is not sufficient to meet or equal the listing and he has not satisfied his burden to show there were greater limitations than found by the ALJ. Remand is not warranted.

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 8) is **GRANTED.**

Dated: September 13, 2023  
Rochester, New York

*J. Gregory Wehrman*  
HON. J. Gregory Wehrman  
United States Magistrate Judge